UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JENNIFER CAMPBELL,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | |
| V. ) | **CIVIL ACTION NO.** |
| ) | |
| **CAPITAL MANAGEMENT** ) | |
| **SERVICES, LP** ) | |
| ) | |
| **DEFENDANT.** ) | |

## COMPLAINT AND JURY TRIAL DEMAND

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and out of state law violations.

3. The civil liability portion of the FDCPA provides that "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person..." 15 U.S.C. § 1692k(a).

4. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

5. Plaintiff, Jennifer Campbell, is a natural person who resides in Jefferson County, Alabama, and is a "person" who has standing to bring this action under 15 U.S.C. § 1692k.

6. Defendant, Capital Management Services, LP (hereinafter referred to as "CMS") is a collection agency operating from an address of 698 ½ South Ogden Street, Buffalo, NY 14206-2317, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8. The alleged debt at issue is related to a Home Depot credit card with Citibank, N.A.

9. The alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

10. Defendant mailed to Plaintiff a collection letter dated October 29, 2012, attempting to collect this debt.

11. On or about October 31, 2012, a debt collector employed by CMS contacted Plaintiff's cell phone and left a voice mail message in an effort to collect this debt.

### *Third party Communication*

12. Within several minutes of the Plaintiff receiving this voice mail message from CMS, a debt collector employed by CMS contacted Plaintiff's father, John Minges, and asked to speak to Plaintiff.

13. John Minges asked the debt collector why she was calling. The debt collector responded by stating, "We understand that you are a relative of hers, and we are trying to get in contact with her. We need to contact Jennifer regarding a matter." John informed the debt collector that he did not know how to get a hold of his daughter. The debt collector stated that she could leave a call back number, a case number and/or account number. John asked the debt collector, "Who are you?" The debt collector stated that they were Capital Finance. Before the call was terminated, the debt collector left the collector's phone number and reference number.

14. The debt collector failed to state that she was confirming or correcting location information.

15. The communication to Plaintiff's father by Defendant violates the FDCPA as an improper third-party communication.

16. The debt collector from CMS knew all the time the location information of the Plaintiff and had no legal reason to contact Plaintiff's father.

17. The communication to John Minges by Defendant was not for the purpose of acquiring location information of the Plaintiff.

18. The Defendant knows it is illegal for a debt collector to communicate with any person other than the consumer for some purpose other than acquiring location information about the consumer.

19. Instead of doing what is reasonable and what any honorable debt collector would do, Defendant has instead planned, executed, and carried out a collection scheme, plan, and campaign of harassment against Plaintiff.

20. Defendant admits that it is a debt collector with respect to its conduct towards the Plaintiff.

21. This collection call by the Defendant and/or employees of Defendant and/or agents of Defendant on these occasions were communications in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692b(1), 1692d, and 1692f, amongst others.

## SUMMARY

22. All of the above-described collection communications made to Plaintiff and/or Plaintiff's father by CMS and collection agents of Defendant were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above-mentioned provisions, amongst others.

23. The above-detailed conduct by Defendant of harassing Plaintiff in an effort to collect this debt was an invasion of Plaintiff's privacy by an intrusion upon seclusion and by violating Plaintiff's right to be left alone which has resulted in actual damages to the Plaintiff.

24. The above-detailed conduct by Defendant reflects its knowledge and appreciation for the harm that would naturally and likely happen to Plaintiff, and with full knowledge thereof, Defendant willfully, maliciously, recklessly, and/or negligently undertook its actions, and it was successful in causing the harm to the Plaintiff that Defendant wanted to cause.

25. Defendants' collection phone call disclosed private information to a third party and was an invasion of Plaintiff's state law right of privacy and her right to be left alone.

26. Defendants' illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional

distress on the part of Plaintiff and caused Plaintiff and her father unnecessary personal strain in their relationship with each other.

27. Plaintiff has suffered actual damages as a result of this illegal collection communications by this Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified invasions of personal privacy. Plaintiff has had to take time off work to deal with this matter. Additionally, Plaintiff's relationship with her father will be forever changed.

28. The only way that abusive debt collectors like Defendant will stop their abusive practices towards consumers is by a jury verdict fully compensating Plaintiff for the harm done to Plaintiff and by a significant punitive damage award.

29. A significant punitive damage award will get the attention of Defendant and other abusive collectors who attempt to gain an unfair competitive advantage over honorable, law abiding debt collectors, so that they will realize it no longer makes economic sense to abuse consumers or to illegally contact innocent third parties.

30. A full compensatory damage award and a full punitive damage award will accomplish the goals of Congress in passing the FDCPA - stop abusive

collection practices against consumers and prevent dishonorable debt collectors from having an unfair advantage over collectors that operate within the boundaries of the law.

31. All of the above-described collection communications made by the collection employees of Defendant were made in violation of provisions of the FDCPA, including, but not limited to 15 U.S.C. § 1692b(1), 1692d, and 1692f, amongst others.

### *Respondeat Superior Liability*

32. The acts and omissions of this individual collector, and the other debt collectors employed as agents by Defendant who communicated with Plaintiff and Plaintiff's father as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

33. The acts and omissions by these individual employees were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

34. By committing these acts and omissions against Plaintiff, these individual collectors were motivated to benefit their principal, Defendant.

35. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in

violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Alabama law, in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

36. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to 15 U.S.C. § 1692b(2), 1692b(3), 1692c(b), 1692d, and 1692f.

39. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## COUNT II.

## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING, TRAINING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

40. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

41. Defendant negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent debt collectors who were allowed or encouraged to violate the law as was done to Plaintiff and are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

42. Had Defendant hired competent debt collectors, the violations described in this Complaint would not have occurred.

43. Had Defendant properly trained and/or supervised the debt collectors, the violations described in this Complaint would not have occurred.

44. The Defendant carried out its hiring, supervision and training activities in a negligent manner and also in a reckless, malicious, and/or intentional manner.

45. Defendant knew that the actions it was taking against the Plaintiff would likely and certainly cause the exact type of injuries and damages that Plaintiff suffered at the hands of the Defendant.

## COUNT III.

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

46. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

47. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

48. Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

49. Defendant also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of

Plaintiff, namely, by contacting an innocent third party and disclosing private information about Plaintiff's account to the third party and thereby invaded Plaintiff's right to privacy and to be left alone.

50. Defendant and its agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

51. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and private concerns or affairs.

52. The conduct of the Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in intrusions and invasions of privacy against Plaintiff by the Defendant which occurred in a way that would be highly offensive to a reasonable person in Plaintiff's position.

53. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

## COUNT II.

## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING, TRAINING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

- for an award of actual damages from Defendant for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent violations of state law in an amount to be determined at trial for Plaintiff;

- punitive damages; and

- for such other and further relief as may be just and proper

## COUNT III.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- for an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: December 26th, 2012

/s/ S. Scott Allums
S. Scott Allums (ASB-5967-n62a)
S. SCOTT ALLUMS, PC
506 North 18th Street
Bessemer, Alabama 35020
Telephone: (205) 426-7080
Facsimile: (205) 426-7090
ssallums@gmail.com
**Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ALABAMA            )
                            )
COUNTY OF JEFFERSON          )

Plaintiff, JENNIFER CAMPBELL, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

*Jennifer Campbell*
JENNIFER CAMPBELL

Subscribed and sworn to before me
this __20th__ day of __December__, 2012.

*Shannon S. Weekley*
Notary Public